# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE R. YOUNG,** | ) | **CASE NO. 1:18CV00411** |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| **v.** | ) | |
| | ) | **MAGISTRATE JUDGE** |
| **CHAE HARRIS,** | ) | **JONATHAN D. GREENBERG** |
| **Warden** | ) | |
| | ) | **REPORT & RECOMMENDATION (Doc. Nos. 1, 15, 16) and ORDER (Doc. Nos. 9, 14)** |
| **Respondent.** | | |

This matter is before the undersigned pursuant to Local Rule 72.2.  Before the Court is the Petition of George R. Young ("Young" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Young is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State v. Young*, Cuyahoga County Court of Common Pleas Case No. CR-12-566461-A.

Also pending are the following two motions filed by Young: (1) Motion to Amend (Doc. No. 9) and (2) Motion to Amend (Doc. No. 14).

For the following reasons, the undersigned recommends the Petition be DISMISSED.  In addition, both Motions to Amend (Doc. Nos. 9, 14) are DENIED.

## I.  Summary of Facts

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011).  The state appellate court summarized the facts underlying Young's conviction as follows:

{¶ 2} In August 2012, Young shot three people at a party held by one of the victims at her home. There were nine adults and fifteen children at the party. All three victims and two other adults knew Young because of a previous relationship he had with the fiancée of one of the victims. Young, unannounced, drove by the victims' party and parked in the driveway. Young was on friendly terms with the individuals even after discontinuing his romantic relationship with the victim's fiancée, who was present that night. After a brief discussion led to a disagreement, Young pulled a handgun and shot toward a group of party attendees standing in front of the house. Three people were seriously injured, one being paralyzed. At least five witnesses, including the three victims, positively identified Young as the driver and the shooter.

{¶ 3} Young testified at trial. Young claimed that he was out with his coworker for the evening and the coworker was driving Young's car. He explained that when his coworker parked at the home, he inexplicably pulled a gun and began shooting in the air after one of the victims drunkenly approached the driver's side of the vehicle in a menacing manner. It was only later that, according to Young, he found out that the coworker actually shot at the home and hit three of Young's friends. Young admitted he never contacted any of the victims or the police after the shooting even though he claimed to be friends with the family. Young also claimed that he never told the investigating police officers about his coworker's involvement because his attorney told Young to remain silent until the attorney was present. Young made several statements to the investigating officers.

{¶ 4} The state, at trial, called an investigating detective as a rebuttal witness. The detective explained that Young never mentioned the acts of the coworker when Young was questioned about the night of the shooting. The detective also stated that Young received his Miranda rights, but elected to proceed with the questioning without an attorney present, with Young in part claiming he went to his girlfriend's house around the time of the shooting. Young attempted to testify in surrebuttal, but the court prohibited him. Young proffered that he was never read his Miranda rights and never said he was at his girlfriend's house during the

2

shooting, just after.

*State v. Young,* 2014 WL 1327660, at *1 (Ohio App. 8th Dist. Mar. 20, 2014).

## II. Procedural History

### A.    Trial Court Proceedings

In September 2012, a Cuyahoga County Grand Jury charged Young with (1) three counts of felonious assault in violation of Ohio Rev. Code ("O.R.C.") §2903.11(A)(2) (Counts One, Two, Three); (2) three counts of felonious assault in violation of O.R.C. §2903.11(A)(1) (Counts Four, Five, Six); and (3) one count of improperly discharging into habitation in violation of O.R.C. §2923.161(A)(1) (Count Seven).  (Doc. No. 15-1, Exh. 1.)  Each charge carried three firearm specifications, including a 5-year "drive by shooting" specification.  (*Id*.)  Young pled not guilty to all Counts.  (Doc. No. 15-1, Exh. 3.)

The case proceeded to a jury trial commencing March 11, 2013.  (Doc. No. 15-2, Tr. 4.) Pursuant to Ohio. Crim. R. 29, Young moved for an acquittal at the close of the State's case, which the trial court denied.  (Doc. No. 15-4, Tr. 33.)  Young renewed his Ohio Crim. R. 29 Motion for Acquittal after the defense rested and the state trial court again denied the motion. (*Id*. at Tr. 84.)  The jury found Young guilty of felonious assault (Counts One through Six), and improperly discharging firearm at or into habitation (Count Seven).  (Doc. No. 15-1, Exh. 4.) The trial court merged Counts One and Four, Counts Two and Five, and Counts Three and Six. (Doc. No. 15-1, Exh. 5.)

The trial court conducted a sentencing hearing on March 21, 2013, at which time Young was sentenced to twenty four years for the merged felonious assault charges (Counts Four, Five, Six) and eight years for the improper discharge conviction (Count Seven).  (*Id.*)  The trial court

3

also merged the one-year and three-year firearm specifications into one three-year firearm specification and merged all the five year firearm specifications into one five-year specification. (*Id*.) The eight years of firearm specifications were to be served prior to and consecutive to the sentences for all Counts. (*Id*.) The trial court ordered the sentences for Count Six and Seven to be served concurrently, with the remainder to be served consecutively, for an aggregate sentence of thirty-two years. (*Id*.)

**B.**     **Direct Appeal**

On April 9, 2013, Young, through counsel, filed a Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court"). (Doc. No. 15-1, Exh. 6.) In his appellate brief, Young raised the following assignments of error:

I.     The trial court erred in denying Appellant's motion for acquittal as to the charges when the State failed to present sufficient evidence to sustain a conviction.

II.     Appellant's convictions are against the manifest weight of the evidence.

III.     The trial court denied Appellant of his right to a fair trial when it erred by not allowing Appellant to present surrebuttal evidence and by not permitting him to completely testify in his defense.

IV.     The trial court erred by giving a jury instruction on flight which denied Appellant's right to a fair trial.

V.     Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments.

VI.     The trial court erred by ordering Appellant to serve a consecutive sentence for the separate firearm specifications.

VII.     The trial court erred by ordering Appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

     VIII.     The trial court erred by ordering convictions and a consecutive sentence for separate counts of felonious assault because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

     IX.     The trial court erred by ordering Appellant to pay costs.

(Doc. No. 15-1, Exh. 7.)  The State filed a brief in response.  (Doc. No. 15-1, Exh. 8.)

On March 20, 2014, the state appellate court affirmed Young's convictions and prison sentences.  (Doc. No. 8-1, Exh. 9.)  *See also State v. Young,* 2014 WL 1327660 (Ohio App. 8th Dist. Mar. 20, 2014).

On September 4, 2014, Young, proceeding *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio.  (Doc. No. 15-1, Exh. 18.)  That same date, Young filed a Motion for Leave to File Delayed Appeal with the Supreme Court of Ohio.  (Doc. No. 15-1, Exh. 19.)

On October 22, 2014, the Supreme Court of Ohio denied Young's Motion for Leave to File Delayed Appeal and dismissed his case.  (Doc. No. 15-1, Exh. 20.)

**C.**     **Application to Reopen Appeal under Ohio App. R. 26(B)**

On April 13, 2016, Young filed a *pro se* Application to Reopen Appeal Pursuant to Ohio App. R. 26(B).  (Doc. No. 15-1, Exh. 26.)  Young's Application raised the following arguments:

Appellate counsel's failure to raise a state claim is deficient.  Counsel omitted significant and obvious issues.  Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).  Miranda Rights, Post-Arrest Silence.  Brewer v. Williams, (1977) 430 U.S. 387, at 402-405.

(*Id.*)  The State filed a brief in opposition (Doc. No. 15-1, Exh. 27), to which Young replied. (Doc. No. 15-1, Exh. 28.)

On May 25, 2016, the state appellate court denied Young's Application as untimely. (Doc. No. 15-1, Exh. 29.)

5

**D.**     **Post-Conviction Filings**

*1.*     *Petition to Vacate or Set Aside Judgment*

On October 15, 2013, Young filed a *pro se* pleading with the state trial court captioned "Defendant-Petitioner, George Young's Petition to Vacate or Set Aside the Judgment or Sentence (Evidentiary Hearing Requested)."  (Doc. No. 15-1, Exh. 10.)  This filing raised the following claim:

> Petitioner's constitutional right to effective assistance of counsel under the Sixth Amendment to the United States Constitution was violated by virtue of counsel's deficient performance which affected Petitioner's substantial right to a fair trial.

(*Id*.)  The State filed a response in opposition.  (Doc. No. 15-1, Exh. 11.)  On November 27, 2013, the state trial court denied Young's Motion.  (Doc. No. 15-1, Exh. 12.)

On December 2, 2013, Young filed another *pro se* pleading with the state trial court captioned "Defendant-Petitioner's Reply to Plaintiff's Brief in Opposition to Defendant's Petition to Vacate or Set Aside Judgment or Sentence."  (Doc. No. 15-1, Exh. 13.)

On August 8, 2014, Young filed a third *pro se* pleading with the state trial court captioned "Defendant's Motion Requesting Court Pursuant to R.C. 2953.21(c), (6) and Crim. R. 35(c) To Make and File Findings of Fact and Conclusions of Law with Respect to Dismissal of Defendant's Petition to Vacate or Set Aside Judgment or Sentence."  (Doc. No. 15-1, Exh. 14.)  The State did not file a response.  On August 18, 2014, the state trial court issued Findings of Fact and Conclusions of Law.[1]  (Doc. No. 15-1, Exh. 15.)  Young did not appeal these Findings

---

[1]     In May 2015, Young sought a writ of mandamus from the state appellate court compelling the state trial court to issue findings of fact and conclusions of law concerning the denial of his postconviction petition.  On August 25, 2015, the state appellate court denied this mandamus action as moot, as the state trial court issued findings of fact and conclusions of law on August 18, 2014.  *See State ex rel. Young*

to the state appellate court.

>    2.      *Motion for New Trial*

On August 19, 2014, Young filed another *pro se* pleading with the state trial court,
captioned "Defendant's Motion for NEW Trial, R.C. 2945.79, (A), (B), (D)(F)."  (Doc. No. 15-1,
Exh. 16.)  Within this Motion, Young raised the same nine arguments he had made on direct
appeal with the state appellate court, as well as one additional argument:

> The prosecutor's use of defendant's post-arrest silence to suggest
> defendant's guilt is a clear violation of defendant's right against self-
> incrimination under the fifth and fourteenth Amendments.

(*Id*.)  On August 25, 2014, the state trial court denied this Motion.  (Doc. No. 15-1, Exh. 17.)
Young did not appeal this decision to the state appellate court.

>    3.      *Additional Post-Conviction Filings*

Young proceeded to file several *pro se* pleadings, motions, and documents with the state
trial court.  On October 9, 2014, Young filed a pleading captioned "Defendant Petitioner's Reply
to Plaintiff's State's Notice of Filing Proposed Findings of Fact and Conclusions of Law."  (Doc.
No. 15-1, Exh. 35.)  On October 30, 2014, Young filed "Defendant's Motion for Counsel's
failure to notify defendant of Withdrawal from Case No. CR-12-566461, Defendant was denied
Counsel of Choice, instanter."  (*Id*.)  The state trial court denied both as moot.  (*Id*.)

On March 31, 2015, Young filed "Defendant's Motion, Article II Judicial Notice of
Adjudicative Facts, Rule 201(B)."  (Doc. No. 15-1, Exh. 23.)  He filed a similarly-captioned
Motion on April 8, 2015.  (Doc. No. 15-1, Exh. 35.)  On June 27, 2017, the state trial court
denied these Motions as moot.  (*Id*.)

---

*v. Gall*, 2015 WL 5051301 (Ohio App. 8th Dist. Aug. 25, 2015).

On May 12, 2015, Young filed a "Motion to Reveal, Conspiracy Acts, Obstruction of Justice, Grand Jury Tampering, Withholding Evidence, Witness Tampering, Judicial Corruption, Ineffective Counsel, Abuse of Discretion, Violation of Oath of Office, Improper Use of Hearsay, Failure to Object."  (Doc. No. 15-1, Exh. 24.)  On May 12, 2017, the state trial court denied this Motion.  (Doc. No. 15-1, Exh. 35.)

On July 2, 2015, Young filed a "Motion to Reverse Conviction: Courts Lacked Subject Matter Jurisdiction therefore the Conviction is Void, Nullity Pursuant to Criminal R. 3" with the state trial court.  (Doc. No. 15-1, Exh. 21.)  On July 9, 2015, the state trial court denied this Motion.  (Doc. No. 15-1, Exh. 22.)  Young did not appeal this ruling to the state appellate court.

On July 15, 2015, Young filed a "Motion to Denied Due Process, Exculpatory, Mitigatory and Brady Material, Photo Array Pursuant to R.C. 2933.83 and R.C. 2933.831 Instanter, and Speedy Trial."  (Doc. No. 15-1, Exh. 25.)  On June 12, 2017, the state trial court denied this Motion.  (Doc. No. 15-1, Exh. 35.)

On September 29, 2016, Young filed a "Motion to Vacate Court Costs, Or in the Alternative, Stay Payment of the Obligation Until Defendant is Released From Custody and Pay the Obligation After Obtaining Employment."  (Doc. No. 15-1, Exh. 35.)  The state trial court denied this Motion on October 6, 2016.  (*Id.*)

> ### *4.      Motion for Relief from Judgment*

On December 13, 2016, Young, proceeding *pro se*,  filed a "Motion for Relief from Judgment Pursuant to Civ. R. 60(B)(5)," in which he requested the Court vacate its August 18, 2014 Findings of Fact and Conclusions of Law.  (Doc. No. 15-1, Exh. 30.)  Within this Motion, Young asserted the following grounds for relief:

    I.       Where the trial court endorses upon its judgment a direction to the clerk to serve a copy of the judgment on all parties and its date of entry upon the journal, the clerk's failure to serve the defendant as instructed deprives the defendant of an opportunity to file a timely appeal, which denies the defendant of his constitutional right to legal redress created by Section 16, Article I of the Ohio Constitution and the Due Process Clause of the United States Constitution.

    II.      Where the clerk fails to make a notation in the docket service is not completed under Civ. R. 58(B).

(*Id*.)  On July 11, 2017, Young filed a Notice of Appeal, asserting the state trial court had denied this Motion.[2]  (Doc. No. 15-1, Exh. 32.)  On October 4, 2017, Young filed a "Motion to Dismiss Appeal" with the state appellate court, acknowledging the state trial court had not yet ruled on his Motion.  (Doc. No. 15-1, Exh. 33.)  The state appellate court journalized this voluntary dismissal.  (Doc. No. 15-1, Exh. 34.)

On January 18, 2018, the state trial court denied this Motion, finding Young "failed to demonstrate that he was entitled to relief under Civ. R. 60(B)(5)."  (Doc. No. 15-1, Exh. 31.)

    *5.*      *Motion for Transcript*

On March 28, 2018, Young filed a "Motion for Preparation of Complete Transcript of Proceedings at State Expense" with the state trial court.  (Doc. No. 15-1, Exh. 35.)  The state trial court denied this Motion on April 5, 2018.  (*Id*.)

As of the date of this Report and Recommendation, there have been no further filings made by Young.

---

[2]     A review of the docket indicates the state trial court did not deny this Motion until January 18, 2018.  (Doc. No. 15-1, Exh. 31.)

### E.     Federal Habeas Petition

On February 9, 2018,[3] Young filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: The state's court [sic] adjudication overruling Petitioner's claim that the Trial Court erred in denying Petitioner's Motion for Acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction. The Jury's guilty verdict is not supported by the sufficiency of the evidence resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by In re: Winship; Jackson v. Virginia; and Tibbs v. Florida.
>
> **GROUND TWO**: The state court's adjudication, overruling Petitioner's claim. Petitioner's convictions are against the Manifest Weight of the Evidence.
>
> **GROUND THREE**: The state court's adjudication, overruling Petitioner's claim that the trial court erred by prohibiting Petitioner from testifying in surrebuttal after the state presented evidence to in rebuttal to Petitioner's testimony, and prohibiting Petitioner to completely testify in his defense, depriving him of his right to a fair trial, resulted in a decision that is contrary to, or involved an unreasonable application of clearly established federal law, as determined by Rock v. Arkansas, which held that a criminal defendant has a constitutional right to testify on his own behalf.
>
> ***
>
> Detective John Hudelson lied claiming he read Petitioner his Miranda rights. (T. 586), (T.594).

---

[3]     Under the mailbox rule, the filing date for a *pro se* petition is the date a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until February 20, 2018, Young reports he placed it in the prison mailing system on February 9, 2018. (Doc. No. 1 at 28.) Thus, the Court will consider the Petition as filed on February 9, 2018.

**GROUND FOUR:** The state court's adjudication, overruling Petitioner's claim that the trial court erred by giving jury instructions on flight which denied Petitioner's Right to a fair trial, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law.

**GROUND FIVE:** The state court's adjudication, overruling Petitioner's claim that the trial court erred when Petitioner was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments.

\*\*\*

Counsel did not give an opening statement.  Counsel did not address the state's witnesses inconsistent testimony.  Counsel did not cross examine Nicholas as to who he testified shot him.  Nicky was (T. 507) coerced by the Prosecutor to point at Petitioner.  Petitioner and Nicholas have been acquainted for approximately (7) seven years.  James McDonnell claim cross-examining Nicholas would be badgering the witness.  Counsel did not object to the Prosecutor's remarks in closing arguments, claiming Petitioner switched places with the driver.  Prosecutorial misconduct.

**GROUND SIX:** The trial court erred by [ordering] Petitioner to serve a consecutive sentence for the firearm specifications.

**GROUND SEVEN:** The trial court erred by ordering Petitioner to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

**GROUND EIGHT:** The trial court erred by [ordering] convictions and a consecutive sentence of separate counts of felonious assault because the offenses are allied offenses pursuant to R.C. 2941.25 and they are part of the same transaction under R.C. 2929.14.

**GROUND NINE:** The trial court erred by ordering Petitioner to pay costs.

11

(Doc. No. 1).  Within his Petition, Young also provides the following discussion:

> Petitioner presented these two issues for review on Delayed Appeal in the Supreme Court of Ohio September 4, 2014.  The Prosecutor's use of Petitioner's Past-Arrest silence at trial to make it appear Petitioner was guilty and had something to hide (T. 561)  Petitioner had spoke to "Jaye M. Schlachet" 55 Public Square, Suite 1600 Cleveland, Ohio 44113-1971, 216-456-2488, Fax. 216-456-2499 Monday August 27, 2012 after work, he advised (me) Petitioner not to speak to Detective John Hudelson until we spoke at his office Tuesday August 28, 2012 at 5:30 pm.  We made an appointment.
>
> (2) Detective John Hudelson did not read or advise Petitioner of any Miranda Rights (T.586-587)  Petitioner gave detective Hudelson Jaye Schlachet name and number.  Detective Hudelson asks Petitioner, is he who you call all the time?
>
> Counsel did not suppress detective Hudelson's statement.  Petitioner did not speak to any other detective or police.

(Doc. No. 1 at 19.)

On June 15, 2018, Warden Chae Harris ("Respondent") filed his Return of Writ.  (Doc. No. 15.)  Young filed a Traverse on July 13, 2018.  (Doc. No. 10.)

### III.  Law and Argument – Statute of Limitations

**A.** **One-Year Limitation Under AEDPA**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court.  Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsections (A), (B), and (D) are relevant to this Petition and will be discussed below.[4]

## B.  One-Year Limitation – § 2244(d)(1)(A)

Respondent asserts Young's Petition is time-barred because he did not file within the one-year limitations period.  (Doc. No. 15 at 17.)  Respondent contends Young's conviction and sentence became final on May 5, 2014, which is forty-five (45) days after the state appellate court affirmed his conviction.  (*Id*. at 15.)  Respondent acknowledges Young filed several motions, which tolled the one-year limitation period.  (*Id*. at 15-16.)  However, Respondent argues even "by any several calculations, the petition is beyond the one-year statute of limitations."  (*Id*. at 16.)

Pursuant to § 2244(d)(1)(A), the AEDPA's one year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  However, this one-year limitation is tolled during the time  " 'a properly filed application for State postconviction or other collateral review ... is pending.' § 2244(d)(2)."  *Evans v. Chavis*, 546 U.S. 189, 191, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006); *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002); accord *Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir.2003).  "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse

---

[4]     Young does not argue the limitations period should commence at a later date for any of the reasons set forth in §§2244(d)(1)(C).

13

determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.* Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 2, 3, 169 L.Ed.2d 329 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905 at *2 (S.D.Ohio Jan.8, 2009). Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe*, 2009 WL 73905 at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir.2007).

Here, Young was sentenced on March 25, 2013 and timely appealed on April 9, 2013. (Doc. No. 15-1, Exh. 5, 6.) The state appellate court affirmed his conviction and sentence in a decision that was journalized on March 20, 2014. (Doc. No. 15-1, Exh. 9.) Young then had forty-five (45) days, or until May 5, 2014, to appeal to the Supreme Court of Ohio, but failed to successfully do so.[5] *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i). Thus, the Court finds Young's conviction and sentence became "final" for purposes of § 2244(d)(1)(A) on May 5, 2014, forty five (45) days after the state appellate court issued its decision affirming his conviction and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. Accordingly, the Court finds the limitations period commenced on May 6, 2014 and, absent tolling, expired one

---

[5]     Young did not file his Motion for Delayed Appeal until September 4, 2014. (Doc. No. 15-1, Exh. 19.)

14

year later, on May 6, 2015.

However, Young filed multiple post-judgment motions which served to toll the statutory limitations period at various points.  A review of the record indicates the limitations period initially ran uninterrupted for 94 days, from May 6, 2014 to August 8, 2014.  On August 8, 2014, Young filed a "Motion Requesting Court . . . to Make and File Findings of Fact and Conclusions of Law," which tolled the statute of limitations.  (Doc. No. 15-1, Exh. 14.)

The state trial court issued findings of fact and conclusions of law on August 18, 2014 in response to this Motion.  (Doc. No. 15-1, Exh. 15.)  However, the statute remained tolled, as Young filed a Motion for a New Trial on August 19, 2014.  (Doc. No. 15-1, Exh. 16.)  The state trial court denied Young's Motion for a New Trial on August 25, 2014, and the limitations period began to run again on August 26, 2014.  (Doc. No. 15-1, Exh. 17.)  The statute ran for 9 days, until Young filed his Motion for Delayed Appeal on September 4, 2014.  (Doc. No. 15-1, Exh. 19.)  The limitations period was again tolled until the Supreme Court of Ohio denied his Motion on October 22, 2014.  (Doc. No. 15-1, Exh. 20.)

The statute of limitations period resumed on October 23, 2014 and ran uninterrupted[6] for 252 days.  On July 2, 2015, Young filed his Motion to Reverse Conviction, which again served to toll the statute.  (Doc. No. 15-1, Exh. 21.)  The state trial court denied Young's Motion on

---

[6]    The Court acknowledges Young filed 6 *pro se* documents with the state trial court between October 9, 2014 and July 15, 2015.  (Doc. No. 15-1, Exh. 35, 23, 24, 25.)  Young does not argue these *pro se* documents had any tolling effect.  The Court notes none of these *pro se* Motions were applications for state post-conviction relief recognized under Ohio law or procedures.  The limitations period cannot be tolled for "attempts to seek relief though avenues that are not available" under state law.  *See Williams v. Brigano*, 238 F.3d 426 (Table), 2000 WL 1871682, at *2 (6th Cir. Dec. 11, 2000).  As such, the Court finds these documents do not affect the running of the statute of limitations herein.

15

July 9, 2015.  (Doc. No. 15-1, Exh. 22.)  At this point, 355 days of the statutory limitations period had elapsed.  Thus, when the limitations period resumed on July 10, 2015, it ran for 10 days until it expired on July 20, 2015.  While Young filed several additional motions after this date, including an Application to Reopen under Ohio App. R. 26(B) on April 13, 2016, they did not have any further tolling effect, as the statute of limitations had already expired.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir.2003).

Accordingly, because the statutory limitations period expired on July 20, 2015 and Young did not file his habeas petition until February 9, 2018, it is untimely under §2244(d)(1)(A).  Therefore, unless equitable tolling is appropriate, Young's Petition should be dismissed as time-barred.

**C.      Factual Predicate –  § 2244(d)(1)(D)**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date.

Young does not argue the factual predicate of his claims were not discovered until a later date.  However, he does appear to argue his original conviction and sentence were void because the state trial court lacked subject matter jurisdiction.  (Doc. No. 16 at 4-9.)  Although Young does not explain how this contention applies to the AEDPA statute of limitations, the pleadings of *pro se* prisoners must be liberally construed and held to a less stringent standard.  *See King v. Bunting*, 2014 WL 2864422, at *7 (N.D. Ohio June 24, 2014).  Thus, the Court will construe Young's Traverse as arguing the alleged lack of subject matter jurisdiction rendered his conviction void, thereby negating any time limits on the filing of his Petition.

16

The Sixth Circuit has held a defective state judgment "does not lead to the conclusion that there was no judgment for the purpose of [AEDPA]'s one year statute of limitations." *Frazier v. Moore,* 252 Fed. App'x 1, 5 (6th Cir. Oct. 17, 2007). *See also King*, 2014 WL 2864422, at *7; *Alexander v. Bunting*, 2014 WL 2593982, at *6 (N.D. Ohio June 10, 2014). Indeed, even if "a state court judgment may have been procured in violation of state or federal law [this] does not, however, render the judgment null" under AEDPA. *Id.* Moreover, the "fact that [a petitioner] raises a jurisdictional challenge to his conviction does not exempt him from the habeas statute of limitations." *Briscoe v. Eppinger*, 2018 WL 3390141, at *2 (6th Cir. May 31, 2018).

Accordingly, the Court rejects Young's suggestion the AEDPA statute of limitations has not yet started to run because the state trial court lacked jurisdiction. The Court further finds Young has failed to otherwise identify any factual predicate that would justify a later start date of the AEDPA statute of limitations period.

**D.       State-Created Impediment – § 2244(d)(1)(B)**

Young also suggests the statute of limitations should not bar his Petition because the state trial court failed to make  its August 18, 2014 "Findings of Fact and Conclusions of Law" part of the record. (Doc. No. 1 at 27, Doc. No. 16 at 13-14.) As an initial matter, this document is contained within the record and it was mailed to Young on August 19, 2014. (Doc. No. 15-1, Exh. 15.) Young is asserting he never received a copy of this document from the state trial court clerk's office. (Doc. No. 1-1 at 15.) However, he admits he received a copy of this document after filing his Petition for Writ of Mandamus in May 2015. (*Id*. at 15, 33.)

The Court finds Young has failed to show the State of Ohio, acting in violation of the

17

Constitution or laws of the United States, created an impediment that prevented him from timely filing an application for habeas corpus in federal court pursuant to 28 U.S.C. § 2254(d)(1)(B). By his own admission, Young was provided a copy of the "Findings of Fact and Conclusions of Law" and was thus aware of its contents.  Moreover, even if this document was not "part of the record" as Young alleges, this did not impede his ability to file a federal habeas petition.  Indeed, Young has been able to file numerous petitions and motions at both the state trial and appellate levels.  There is nothing to suggest he was prevented from filing a timely habeas petition due to the alleged failure of the state trial court clerk's office to provide him with a copy of this document.

In sum, as the statutory limitations period expired on July 20, 2015 and Young did not file his habeas petition until February 9, 2018, it is beyond the AEDPA statute of limitations. Therefore, unless equitable tolling is appropriate, Young's Petition should be dismissed as time-barred.

**E.      Equitable Tolling**

The Supreme Court has held the AEDPA statute of limitations is subject to equitable tolling in appropriate circumstances.  *Holland v. Florida,* 560 U.S. 631, 645 (2010).  In order to be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and, (2) some extraordinary circumstance stood in his way and prevented timely filing.  *Holland,* 130 S.Ct. at 2565.  *See also Hall v. Warden, Lebanon Correctional Institution*, 662 F.3d 745, 749 (6th Cir. 2011); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  A court should be "much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights."  *Vroman*, 346 F.3d at 605, quoting *Irwin v. Dep't of*

*Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); accord *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir.2003).

The Court finds Young has failed to demonstrate he is entitled to equitable tolling. As an initial matter, Young has not raised any argument as to why equitable tolling would be appropriate.  (*See* Doc. Nos. 1, 16.)  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(holding a petitioner bears the burden of proving equitable tolling is applicable). Regardless, the record does not establish Young has been reasonably diligent in pursuing his rights.  Young did not timely file his direct appeal with the Supreme Court of Ohio.  He argues he was not made aware of the March 20, 2014 state appellate court decision until July 2, 2014. (Doc. No. 15-1, Exh. 19.)  However, Young does not explain why he did not file his Motion for Delayed Appeal until September 2014, over two months after allegedly becoming aware of the state appellate court decision.  He also does not explain why he filed his federal habeas Petition in February 2018, over two years after the AEDPA statute of limitations had run.  Moreover, given that Young has been able to file a multitude of post-conviction motions with the state trial court, there does not appear to be any "extraordinary circumstance" which prevented him filing a timely federal habeas petition.

The Court also rejects any suggestion Young's *pro se* status constitutes "extraordinary circumstances" warranting equitable tolling.  The Sixth Circuit has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling."  *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991).  *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Allen v. Bell*, 250 Fed. Appx. 713, 716 (6th Cir. 2007); *Taylor v. Palmer*, 623 Fed. Appx. 783, 789 (6th Cir. 2015).  *See also Johnson v. United States*, 544 U.S. 295, 311, 125 S.Ct. 1571, 161 L.Ed.2d

542 (2005) ("[w]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness"); *Patrick v. Bunting*, 2015 WL 10488878 at * 9 (N.D. Ohio Dec. 29, 2015). Moreover, courts within this Circuit have found a petitioner's *pro se* status, lack of legal training, poor education, and/or limited law-library access, standing alone, are similarly insufficient. *See e.g., Hall*, 662 F.3d at 751 (petitioner's *pro se* status, limited law-library access and lack of access to trial transcript were not sufficient to warrant equitable tolling); *Keeling*, 673 F.3d at 464 ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and to excuse his late filing").

In sum, because Young failed to exercise his rights diligently and no extraordinary circumstance prevented him from filing his habeas Petition, the Court finds equitable tolling is not warranted in this case.

**F.     Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court held that actual innocence, if proven, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court

explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329).  In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence."  *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Young does not raise an actual innocence exception argument, beyond asserting he is "actually innocent."  (Doc. No. 16 at 9.)  He does not identify any new, reliable evidence of his actual innocence; i.e., exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available to him at the time of his underlying criminal proceedings.  *See Schlup*, 513 U.S. at 324.  Rather, he attaches an affidavit to his Traverse, asserting he was not driving his vehicle on the date of the offense.  (Doc. No. 16-1 at 1.)  Given that there are five eyewitness accounts identifying Young as the shooter, this affidavit fails to provide evidence of his actual innocence.  *See State v. Young*, 2014 WL 1327660, at *1.

Accordingly, and for the reasons set forth above, the Court finds Young has not demonstrated he is entitled to the actual innocence exception.  Thus, the Court finds the instant Petition is time-barred under §2244(d)(1).

### IV.  Law and Argument – Procedural Default

Respondent argues that even if Young's claims were not time-barred §2244(d)(1), they would be barred due to procedural default.  (Doc. No. 15 at 21.)  Respondent asserts since Young "never accomplished one, complete round of state court review," and this remedy is no longer available to him, Young's entire Petition is procedurally defaulted.  (*Id.* at 21-22.)

Respondent maintains Young is unable to establish cause, prejudice, and "certainly not a miscarriage of justice" to avoid procedural default.  (*Id.* at 23.)  Young does not raise any arguments against procedural default, beyond acknowledging Respondent's assertion his Petition is procedurally defaulted.  (Doc. No. 16 at 2.)

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)).  A claim may become procedurally defaulted in two ways. *Id.*  First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court.  *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[7]  *Id.*

Second, a petitioner may also procedurally default a claim by failing to raise and pursue

---

[7] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138–39; *Barkley v. Konteh*, 240 F. Supp.2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

that claim through the state's "ordinary appellate review procedures."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).  If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731–32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.")  This second type of procedural default is often confused with exhaustion.  Exhaustion and procedural default, however, are distinct concepts.  AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition."  *Engle*, 456 U.S. at 125 n. 28.  Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review.  *Id.*  In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal.  *Id.*  Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted.  *Id.*

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim.  *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law."  *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984).  A petitioner can take four actions in his brief which are significant to the determination as to

whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error.  *See Maupin*, 785 F.2d at 138–39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule."  *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error."  *Id.*  Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied.  *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219–20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994).  Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been different.  *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice."  *See Coleman v. Thompson*, 501 U.S.

722, 749–50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Conclusory statements are not enough—a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).  *See also Jones v. Bradshaw*, 489 F. Supp.2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 2012 WL 3711552 at * 7 (6th Cir. Aug. 29, 2012).

## A.      Grounds One through Nine

In his Petition, Young raises nine Grounds for Relief.  (Doc. No. 1.)  Young presented these Grounds for Relief to the state appellate court on direct appeal.  (Doc. No. 15-1, Exh. 7.)  On March 20, 2014, the state appellate court affirmed Young's conviction and sentence.  (Doc. No. 15-1, Exh. 9.)  Thereafter, Young had forty-five days, or until May 5, 2014, to appeal to the Supreme Court of Ohio, but failed to do so.  *See* Ohio S. Ct. Prac. R. 7.01(A)(1)(a)(i).  Instead, Young filed a Motion for Delayed Appeal with the Supreme Court of Ohio on September 4, 2014.  (Doc. No. 15-1, Exh. 19.)  The Supreme Court of Ohio denied this Motion and dismissed the matter on October 22, 2014.  (Doc. No. 15-1, Exh. 20.)

The Court finds Young's failure to timely appeal to the Supreme Court of Ohio, in conjunction with that court's denial of his Motion for Delayed Appeal, resulted in procedural default.  *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004)(holding an unexplained decision denying leave to file an untimely appeal is presumed to enforce any applicable procedural bar).  Therefore, absent a showing of cause and prejudice, Grounds One through Nine should be dismissed.[8]

--------

[8]      The Court acknowledges Young also raised Grounds One through Nine in his Motion for a New Trial and Petition to Vacate Judgment.  (Doc. No. 15-1, Exh. 10,

25

### 1.    Cause and Prejudice

Young may nevertheless obtain a merits review of Grounds One through Nine if he can demonstrate cause for the default and prejudice resulting therefrom, or that failure to review the claim would result in a fundamental miscarriage of justice.  *See Lundgren*, 440 F.3d at 763.

While Young does not directly address the issue of cause and prejudice in his Petition or Traverse, he has offered one explanation for his failure to timely appeal with the Supreme Court of Ohio.  Within his Motion for Delayed Appeal, Young alleges he was not aware of the state appellate court decision until July 2, 2014, after the 45-day deadline had passed.  (Doc. No. 15-1, Exh. 19.)  He asserts this was due to the state appellate court and his appellate counsel failing to notify him of the decision.  (*Id.*)  However, even if this Court accepts Young's argument both his appellate counsel and the state appellate court failed him, Young does not explain why it then took him another 64 days to file his Motion for Delayed appeal with the Supreme Court of Ohio. Given that Young was able to continuously file multiple pleadings with the state trial court throughout this period, the Court can find no reason or explanation for Young's decision to wait until September 2014 to file a delayed appeal with the Supreme Court of Ohio.

Accordingly, and for all the reasons set forth above, the Court finds Young has failed to

---

16.)  The state trial court denied both of these Motions, and Young did not appeal. (Doc. No. 15-1, Exh. 12, 17.)  Young does not have any further recourse in state court available to him with respect to these post-conviction motions, as he did not present them for appeal and is now precluded from doing so.  *See State v. Ruff*, 70 Ohio St.3d 1461 (Ohio 1994)(finding delayed appeals are not permitted in postconviction proceedings for felony cases). *See also Peterson v. Ohio,* 2008 WL 341564, at *1 (N.D. Ohio Feb. 5, 2008).   As he has no remaining state remedies, Young is procedurally defaulted on these claims.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (if a petitioner fails to fairly present a federal habeas claim to the highest state court and has no remaining state remedies, then the petitioner has procedurally defaulted that claim).

establish cause and prejudice to excuse the default of Grounds One through Nine.

### 2.      Actual Innocence

Because the cause and prejudice standard is not a perfect safeguard against fundamental miscarriages of justice, the United States Supreme Court has recognized a narrow exception to the cause requirement where a constitutional violation has "probably resulted" in the conviction of one who is "actually innocent" of the substantive offense.  *Dretke v. Haley*, 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (citing *Carrier*, 477 U.S. at 495–96); *see also Schlup*, 513 U.S. at 327 (1995).  Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  To be credible, such a claim requires the petitioner to support his allegations of constitutional error with new and reliable evidence that was not presented at trial.  *Schlup*, 513 U.S. at 324; *see also Gulertekin v. Tinnelman–Cooper*, 340 F.3d 415, 427 (6th Cir. 2003).

Young summarily asserts he is "actually innocent."  (Doc. No. 16 at 9.)  The crux of his argument is an affidavit attached to his Traverse, which states he was not driving his vehicle on the date of the offense.  (Doc. No. 16-1 at 1.)  As Young also testified at trial he was not driving his vehicle on the date of the offense, he has not provided any new, reliable evidence.  (Doc. No. 15-4, Tr. 55.)  Absent new evidence of innocence, "even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 316.

In light of the above, the Court finds Young has failed to demonstrate the procedural default of Grounds One through Nine should be excused on the basis of actual innocence. Accordingly, it is recommended Grounds One through Nine be DISMISSED as procedurally

27

defaulted.

**B.      Additional Arguments/Grounds**

Although not addressed by Respondent, and not specifically labeled as "Grounds for

Relief" by the Petitioner, the Court notes Young does raise several other claims within his

Petition.  Specifically, Young offers the following argument in his Petition:

> Petitioner presented these two issues for review on Delayed Appeal in the
> Supreme Court of Ohio <u>September 4, 2014</u>.  The Prosecutor's use of
> Petitioner's Past-Arrest silence at trial to make it appear Petitioner was guilty
> and had something to hide (T. 561) Petitioner had spoke to <u>"Jaye M.
> Schlachet"</u> 55 Public Square, Suite 1600 Cleveland, Ohio 44113-1971,
> <u>216-456-2488, Fax. 216-456-2499</u> Monday August 27, 2012 after work, he
> advised (me) Petitioner not to speak to Detective John Hudelson until we
> spoke at his office <u>Tuesday August 28, 2012</u> at 5:30 pm.  We made an
> appointment.
>
> (2) Detective John Hudelson did not read or advise Petitioner of any
> Miranda Rights  (T.586-587)  Petitioner gave detective Hudelson Jaye
> Schlachet name and number.  Detective  Hudelson asks Petitioner, is he who
> you call all the time?
>
> Counsel did not suppress detective Hudelson's statement.  Petitioner did not
> speak to any other detective or police.

(Doc. No. 1 at 19.)  A review of the state court record indicates Young raised the issues of "post

arrest silence" and *Miranda* rights at several points,[9] but did not present them to the state

---

[9]      On August 19, 2014, Young presented these arguments in his post conviction Motion
for New Trial.  (Doc. No. 15-1, Exh. 16.)  The state trial court denied this Motion
and Young did not appeal this decision.  (Doc. No. 15-1, 17, 35.)  He again raised the
argument regarding "post arrest silence" in his July 2, 2015 Motion to Reverse
Conviction.  (Doc. No. 15-1, Exh. 21.)  The state trial court denied this Motion and
Young did not appeal this decision.  (Doc. No. 15-1, Exh. 22.)  As noted *supra*,
Young does not have any further recourse with respect to these post conviction
motions, as he did not present them for appeal and is now precluded from doing so.
*See Ruff*, 70 Ohio St.3d 1461.  Moreover, in Ohio, a "petitioner is not entitled to raise
claims in post-conviction proceedings where those claims could have been raised on
direct appeal."  *Hayes v. LaRose*, 2016 WL 1599807, *5 (N.D. Ohio Jan. 27. 2016).

appellate court on direct review. (*See* Doc. No. 15-1, Exh. 7.) Young did present these

arguments in his delayed appeal with the Supreme Court of Ohio. (Doc. No. 15-1, Exh. 18.) As

discussed at length *supra*, the Supreme Court of Ohio dismissed his appeal as untimely. (Doc.

No. 15-1, Exh. 20.)

Assuming, *arguendo*, the Supreme Court of Ohio accepted his appeal. Under Ohio law,

the court could not have considered these arguments, as they were not presented to the state

appellate court on direct appeal. *See Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985)("The

Ohio Supreme Court has stated that it will not consider constitutional claims not raised and

preserved in the Ohio Court of Appeals.")(internal quotations omitted). *See also Bonness v.

Coleman*, 2016 WL 4742305, at *9 (S.D. Ohio June 24, 2016)(Ohio law "bars issues not raised

on direct appeal" under the doctrine of *res judicata*.). As such, no form of relief remains

available to Young in the state courts, because *res judicata* precludes him from raising claims

that could have been raised on direct appeal. Thus, with no state remedies remaining, these

additional arguments are procedurally defaulted. *See Hayes v. LaRose*, 2016 WL 1599807, *5

(N.D. Ohio Jan. 27. 2016)("[I]f an Ohio petitioner failed to raise a claim on direct appeal, which

could have been raised, the claim is procedurally defaulted.")

### 1.     Cause and Prejudice

Young does not directly address the issue of cause and prejudice in his Petition or

Traverse. However, his Rule 26(B) application, he argued his appellate counsel was ineffective

for failing to raise the issues of *Miranda* rights and post-arrest silence. (Doc. No. 15-1, Exh. 26.)

Ineffective assistance of counsel can serve as cause to overcome procedural default. *See*

29

*Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013); *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir.2004); *Smith v. Ohio, Department of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006); *Berry v. Warden, Southern Ohio Correctional Facility*, 2016 WL 4177174 at * 3 (N.D. Ohio Aug. 8, 2016).  However, the underlying claim of ineffective appellate counsel must in and of itself not be in default.  *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (finding unless the state prisoner can satisfy the cause and prejudice standard for the procedurally defaulted ineffective assistance of counsel claim, that claim cannot serve as cause for another procedurally defaulted claim.)

Young filed a *pro se* application to reopen his direct appeal on April 13, 2016.  (Doc. No. 15-1, Exh. 26.)  Under Ohio App. R. 26, such an application must be filed in the state appellate court within 90 days of the appellate judgment.  Ohio App. R. 26(B).  Since the appellate decision was entered on March 20, 2014, nearly two years prior, the state appellate court denied Young's application as untimely.  (Doc. No. 15-1, Exh. 29.)  A state appellate court denying an untimely application for reopening is an adequate state procedural ground to preclude relief.  *Monzo v. Edwards*, 281 F.3d 568, 577-578 (6th Cir. 2002).  *See also Barnette v. Bunting*, 2016 WL 8578116, at *6 (N.D. Ohio Aug. 29, 2016).  Thus, Young's ineffective assistance of appellate counsel claim regarding these two particular issues is itself procedurally defaulted and cannot provide cause to excuse the procedural default of this portion of his Petition.  *See Edwards*, 529 U.S. at 453.

Accordingly, and for all the reasons set forth above, the Court finds Young has failed to establish cause and prejudice to excuse the default of the "post-arrest silence" and *Miranda* claims set forth in his Petition.

## 2.      Actual Innocence

Finally, as noted *supra*, Young has not presented any new evidence of actual innocence in this case.  *Schlup*, 513 U.S. at 324.  Thus, the Court finds there is no basis for excusing Young's procedural default of his arguments pertaining to post-arrest silence and *Miranda* rights.

Accordingly, it is recommended Young's arguments pertaining to post-arrest silence and *Miranda* rights be  DISMISSED as procedurally defaulted.

## VI. Motions to Amend

Also pending are Young's Motions to Amend, in which he seeks leave to raise additional claims and monetary damages.  (Doc. Nos. 9, 14.)

It is well established that Rule 15 of the Federal Rules of Civil Procedure applies to a habeas petitioner's request for leave to amend his petition.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  *See also Glenn v. Coleman*, 2014 WL 4983661 at * 5 (N.D. Ohio Oct. 6, 2014 (Helmick, J. adopting report and recommendation of White, M.J.); *Shank v. Mitchell*, 2013 WL 3208554 at *3 (S.D. Ohio June 24, 2013).  Under Rule 15(a), a party may amend his or her pleadings once as a matter of course within 21 days after service or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading.  Fed. R. Civ. P. 15(a).  Otherwise, the party may amend only with the opposing party's written consent or by leave of court,[10] which "the court should freely give . .  when justice so requires."  *Id.   See also Mayle*,

---

[10]      The Court acknowledges Young filed his Motions on April 26, 2018 and June 14, 2018, prior to the Respondent filing the Answer/Return of Writ.  (*See* Doc. Nos. 9, 14, 15.)  As such, under Rule 15, Petitioner could have filed his amended Petition "as of right," i.e. without leave of court.  However, as Petitioner has sought leave, instead of simply filing an amended complaint, it is within this Court's discretion to review the proposed amendment for futility.  *See Glazer v. Chase Home Finance*

545 U.S. at 655.

In determining whether leave to amend should be granted, a habeas court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir.1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994.)) *See also Powers v. Beightler*, 2010 WL 649623 at * 1 (N.D. Ohio Feb. 19, 2010) (Pearson, J.) If a proposed amendment lacks merit on its face, it is deemed futile. *See e.g., Moss v. United States*, 323 F.3d 445, 475 (6th Cir. 2003). In the Sixth Circuit, leave to amend a pleading may be denied on grounds of futility only if the amended pleading would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Kottmyer v. Maas*, 436 F.3d 684, 691–92 (6th Cir. 2006); *Hall v. Clipper*, 2011 WL 2671310 at * 11 (N.D. Ohio July 8, 2011) (Vecchiarelli, M.J.).

In his first Motion to Amend, Young seeks to amend his Petition to assert the following:

> The plaintiff asserts the following amount being AMENDED, to wit, six hundred eighty thousand dollars (680,000$) to Two and one Half Million Dollars (2.5) million dollars, based on fraud, knowingly conseament[sic] of exculpatory evidence; conspiracy; obstructing justice; complicity, Malfesance, failed to provide plaintiff with criminal complaint pursuant to crim. R. 3; failed to provide plaintiff with fair trial by fabricating evidence; conspired to falsely arrest and maliciously prosecute plaintiff; engaged in deceitful conduct knowingly; intentionally inflicted emotional distress (IIED); initiated and maintained a malicious prosecution; did intentionally deny deny[sic] plaintiff the equal protection of the law with a selfish motive. See, Ayers v. City of Cleveland, 2014 U.S. Dist. Lexis 94472

---

*LLC*, 704 F.3d 453, 458 (6th Cir. 2013); *Bleicher v. Chase Bank N.A.*, 2013 WL 3582023, at *1 (E.D. Mich. July 12, 2013)("Thus Plaintiff could have filed his amended complaint without first seeking leave of court. He did seek leave, however, and the Sixth Circuit Court of Appeals has held that in that instance a party waives its right to amend as a matter of course and invites the court to review the amendment.")

(Doc. No. 9 at 1.)  In his second Motion to Amend, Young seeks to further amend his Petition to assert the following:

> The plaintiff asserts the following amount to be "Amended," To Wit; Two and one half million dollars (2.5) million; To Thirty Two Million Dollars (32) Million Dollars; based on unlawful conviction, denial of due process, violation of fourth, fifth, sixth, eighth, and fourteenth Amendments, fraud on the part of the authorities involved in the prosecution of the case, misconduct on the part of the prosecuting attorney, Attorney misrepresentation, prosecution deliberately failed to provide petitioner with criminal complaint pursuant to Crim. R. 3, conspiracy to interfere with civil rights, denied petitioner equal protection of the laws, knowingly consealment[sic] of exculpatory evidence, conspired to falsely arrest and maliciously prosecute petitioner, failed to provide petitioner with a fair trail by fabricating evidence, engaged in deceitful conduct knowingly, intentionally inflicted emotional distress (IIED), initiated and maintained a malicious prosecution, complicity acts, unexcusable[sic] negligence in responding to petition, respondent has failed to file an extension of time in a timely manner.  Citing Ayers v. City of Cleveland, 2014 U.S. Dist. Lexis 94472.

(Doc. No. 14 at 1.)

The Court finds it would be futile to allow Young to amend his Petition because it is expressly barred by AEDPA's one-year statute of limitations.  "A district court may deny a plaintiff leave to amend his or her complaint ... when the proposed amendment would be futile." *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir.2006).

In addition, the Court finds leave to amend would be futile because each of the additional claims Young now seeks to raise are procedurally defaulted and/or unexhausted.  When comparing the Motions to Amend with Young's Petition, it appears many of these "new" claims are simply a reiteration of his current Grounds for Relief, which are, as discussed *supra,* procedurally defaulted.  Moreover, based upon a liberal reading of these Motions, it appears Young is seeking to add an argument for malicious prosecution.  This argument was not presented to the state appellate court on direct appeal, and Young has not otherwise

33

demonstrated he exhausted this claim in state court.  Habeas petitioners must exhaust their state

remedies prior to raising claims in federal habeas corpus proceedings.  *See* 28 U.S.C. § 2254(b),(

c).  Finally, Young seeks to add the additional claim Respondent "failed to file an extension of

time in a timely manner."  (Doc. No. 14 at 1.)  This is not an appropriate Ground for Relief, as it

does not relate to Young's sentence and conviction by the state trial court.

Finally, while Young seeks habeas relief, i.e. release from incarceration, he also seeks

monetary damages in his Motions to Amend, which are not recoverable in a habeas action.  *See*

*Greathouse v. FCI Elkton Warden*, 2016 WL 4943019, at *2 (N.D. Ohio Sept. 16, 2016).

Accordingly, Young's Motions to Amend (Doc. Nos. 9, 14) are DENIED as futile.

### V. Conclusion

For all the reasons set forth above, Young's Motions to Amend (Doc. Nos. 9, 14) are

DENIED.

In addition, the undersigned recommends the Petition be DISMISSED.


Date:  July 31, 2018                          *s/ Jonathan Greenberg*
                                              Jonathan D. Greenberg
                                              United States Magistrate Judge



### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of
Court within fourteen (14) days after the party objecting has been served with a copy of
this Report and Recommendation.  28 U.S.C. § 636(b)(1). Failure to file objections within
the specified time may waive the right to appeal the District Court's order.  *See United
States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g
denied*, 474 U.S. 1111 (1986).**