UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| GEORGE R. YOUNG, | ) | CASE NO. 1:18CV00411 |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CHAE HARRIS, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner George R. Young's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF DKT #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation, and dismisses the Petitioner's Petition as time barred. In addition, Petitioner's Motion to Amend Report and Recommendation (ECF DKT #21) is **DENIED**.

**FACTS**

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of both the facts and procedural history of the matter.

-1-

In August of 2012, Petitioner allegedly shot and wounded three individuals at a party. The individual hosting the party was one of the victims. Petitioner was friendly with this individual, as well as many other individuals at the party. Five witnesses, including all three victims, positively identified Petitioner as the driver and shooter.

Petitioner testified in his defense. He alleged that he was not driving the vehicle that evening and he was not shooter. Rather, he stated that his coworker Mr. Jones was both the driver and the shooter. It was not until later when Petitioner discovered that Mr. Jones had harmed anyone. Despite being friendly with the victims, Petitioner never reached out to any of them or their families.

A Cuyahoga County jury convicted Petitioner of six counts of felonious assault and one count of improperly discharging a weapon into a habitation. He was sentenced to 32 years in prison. It is from this conviction that Petitioner's Petition for habeas relief stems from.

On April 9, 2013, Petitioner appealed his conviction. He raised nine Assignments of Error. On March 20, 2014, the Eighth District affirmed his conviction. *Ohio v. Young*, 2014 WL 1327660 (8th Dist. Mar. 20, 2014). On September 4, 2014, Petitioner filed a Motion for Delayed Appeal with the Ohio Supreme Court. On October 22, 2014, the Supreme Court denied Petitioner's Motion.

On April 13, 2016, Petitioner filed a pro se Motion under Ohio Appellate Rule 26(B) to Re-Open his appeal. He claimed that his appellate counsel failed to raise as Assignments of Error issues relating to *Miranda* warnings and the State's improper use of his post-arrest silence. On May 25, 2016, the Eighth District denied this Motion. *Ohio v. Young*, 2016 WL 3019048 (8th Dist. May 25, 2016).

Petitioner also filed a multitude of post-conviction filings with both the state trial and appellate courts, one of which was a Motion to Vacate the Conviction, filed October 15, 2013. The trial court denied this Motion on November 27, 2013. On August 8, 2014, Petitioner moved the trial court to issues its Findings of Fact and Conclusions of Law in relation to the denial of the Motion to Vacate. On August 18, 2014, the Court issued its Findings of Fact and Conclusions of Law. Months later, in May of 2015, Petitioner filed a mandamus action with the Eighth District, asking the appellate court to mandate that the trial court issue its Findings of Fact and Conclusions of Law. Since the trial court had previously issued its Findings of Fact and Conclusions of Law on August 18, 2014, the Eighth District denied Petitioner's mandamus action as moot. *State ex rel. Young v. Gall*, 2015 WL 5051301 (8th Dist. Aug. 25, 2015).

On February 9, 2018, Petitioner mailed his instant Petition for habeas relief. He asserted the following grounds for relief:

> **GROUND ONE:** The state's court [sic] adjudication overruling Petitioner's claim that the Trial Court erred in denying Petitioner's Motion for Acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction. The Jury's guilty verdict is not supported by the sufficiency of the evidence resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by In re: Winship; Jackson v. Virginia; and Tibbs v. Florida.
>
> **GROUND TWO:** The state court's adjudication, overruling Petitioner's claim. Petitioner's convictions are against the Manifest Weight of the Evidence.
>
> **GROUND THREE:** The state court's adjudication, overruling Petitioner's claim that the trial court erred by prohibiting Petitioner from testifying in surrebuttal after the state presented evidence in rebuttal to Petitioner's testimony, and prohibiting Petitioner to completely testify in his defense, depriving him of his right to a fair trail, resulted in a decision that is contrary to, or involved an unreasonable application of clearly established federal law, as determined by Rock v. Arkansas, which held that a criminal defendant has a constitutional right to testify on his own behalf. *** Detective John Hudelson lied claiming he read Petitioner his Miranda rights. (T. 586), (T. 594).

**GROUND FOUR:** The state court's adjudication, overruling Petitioner's claim that the trial court erred by giving jury instructions on flight which denied Petitioner's Right to a fair trial, resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law.

**GROUND FIVE:** The state court's adjudication, overruling Petitioner's claim that the trial court erred when Petitioner was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments. *** Counsel did not give an opening statement. Counsel did not address the state's witnesses inconsistent testimony. Counsel did not cross examine Nicholas as to who he testified shot him. Nicky was (T. 507) coerced by the Prosecutor to point at Petitioner. Petitioner and Nicholas have been acquainted for approximately (7) seven years. James McDonnell claim cross-examining Nicholas would be badgering the witness. Counsel did not object to the Prosecutor's remarks in closing arguments, claiming Petitioner switched places with the driver. Prosecutorial misconduct.

**GROUND SIX:** The trial court erred by [ordering] Petitioner to serve a consecutive sentence for the firearm specifications.

**GROUND SEVEN:** The trial court erred by ordering Petitioner to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14 and HB 86.

**GROUND EIGHT:** The trial court erred by [ordering] convictions and a consecutive sentence of separate counts of felonious assault because the offenses are allied offenses pursuant to R.C. § 2941.25 and they are part of the same transaction under R.C. § 2929.14.

**GROUND NINE:** The trial court erred by ordering Petitioner to pay costs.

While not labeled as grounds for relief, Petitioner also argued in his Petition:

Petitioner presented these two issues for review on Delayed Appeal in the Supreme Court of Ohio September 4, 2014. The Prosecutor's use of Petitioner's Past-Arrest silence at trial to make it appear Petitioner was guilty and had something to hide (T. 561) Petitioner had spoke to "Jaye M. Schlachet" 55 Public Square, Suite 1600 Cleveland, Ohio 44113-1971, 216-456-2488, Fax. 216-456-2499 Monday August 27, 2012 after work, he advised (me) Petitioner not to speak to Detective John Hudelson until we spoke at his office Tuesday August 28, 2012 at 5:30 pm. We made an appointment.

(2) Detective John Hudelson did not read or advise Petitioner of any Miranda Rights (T. 586-587) Petitioner gave detective Hudelson Jaye Schlachet name and

number. Detective Hudelson asks Petitioner, is he who you call all the time?

Counsel did not suppress detective Hudelson's statement. Petitioner did not
speak to any other detective or police.

On March 8, 2018, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. Respondent filed a Return of Writ on June 15, 2018, denying the allegations and asking the Court to dismiss the claim as time-barred and procedurally defaulted. On July 31, 2018, the Magistrate Judge issued his Report and Recommendation, in which he recommended that the Court dismiss the Petition. On August 17, 2018, Petitioner filed his Objection to the Report and Recommendation. On September 24, 2018, Petitioner filed a Motion to Amend the Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d) provides the writ shall not issue unless the state decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. 2254(d)(1)-(2). Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing § 2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## ANALYSIS

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of the AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[1] or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

---

[1] As the Magistrate found, Petitioner "does not argue the limitations period should commence at a later date for any of the reasons set forth in § 2244(d)(1)(C)." (ECF DKT #19, at 13, n. 4).

> exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

The Magistrate Judge correctly points out that Petitioner's one-year AEDPA statute of limitation started to run on May 6, 2014 and, due to properly filed applications for post-conviction relief, expired on July 20, 2015. Petitioner filed his federal habeas Petition with this Court on February 9, 2018, well beyond the expiration of the AEDPA one-year statute of limitation. Petitioner does not directly refute this finding in his Objection to the Report and Recommendation. Accordingly, unless equitable tolling is appropriate, the Petition is time-barred.

**Equitable Tolling**

Petitioner seeks equitable tolling to save his Petition from being time-barred. He argues that he was unaware of the court of appeals' March 20, 2014 decision affirming Petitioner's conviction. He blames his lack of knowledge on appellate counsel's failure to inform Petitioner of the decision. Petitioner also claims that the trial court's August 18, 2014 Findings of Fact and Conclusions of Law was not a final, appealable order as it was not journalized on the appearance docket nor delivered to Petitioner. According to Petitioner, this constituted a stated-created impediment that prevented him from filing his habeas petition with this Court.

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 Fed. Appx. 439, 442 (6th Cir. 2011)

(quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursing his rights diligently[;]" and (2) "some extraordinary circumstance stood in his way and prevent timely filing."  *Holland v. Florida*, 560 U.S. 649, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010).

Here, Petitioner did not timely file a direct appeal with the Ohio Supreme Court.  Even if Petitioner were unaware of the appellate court's March 20, 2014 decision, he admits that he received notice of the decision on July 2, 2014.  He makes no argument as to why it took him an additional two months before attempting to file anything with the Ohio Supreme Court.  This certainly is not the required diligence necessary to equitably toll the statute of limitations.  Further, Petitioner filed numerous post-conviction motions, which demonstrates that no "extraordinary circumstance" stood in his way to timely file an appeal with the Ohio Supreme Court.

Additionally, the state did not create an impediment that prevented Petitioner from timely filing his habeas Petition.  Courts have found that failure to provide notice of decisions is not a "state-created impediment" under § 2244(d)(1)(B).  *See Clarke v. Rader*, 721 F.3d 339 (5th Cir. 2013) (no state-created impediment when petitioner did not receive notice of the state court's denial of writ and, when the petitioner did receive notice, waited an additional two months before filing for habeas relief); *Sallie v. Humphrey*, 789 F.Supp.2d 1351 (M.D. Ga. 2011) (state procedural rule did not "prevent" petitioner from timely filing his petition for federal habeas relief).  Even if Petitioner were correct, the trial court's failure to journalize its Findings of Fact and Conclusions of Law is not a state-created impediment.  The Magistrate determined that the Findings of Fact and Conclusions of Law were part of the record.  The trial court clerk of courts

also mailed the Findings of Fact and Conclusions of Law to Petitioner on August 19, 2014. Finally, at the latest, Petitioner received the Findings of Fact and Conclusions of Law when the appellate court denied his mandamus action on August 25, 2015. Even still, Petitioner failed to file a timely request for habeas relief.

Accordingly, the Court agrees with the Magistrate Judge that both equitable tolling cannot save Petitioner's Petition and the state did not create an impediment to Petitioner filing a request for habeas relief.

**Actual Innocence**

Finally, Petitioner mentions that he is actually innocent. He claims that it was his coworker Mr. Jones who discharged the handgun and harmed the three individuals. To support this position, he provides his own affidavit, includes a letter from his prior counsel, and points out weaknesses in other witnesses' testimony.

A showing of actual innocence may also satisfy the second prong of the *Holland* test. "[A] petitioner may also be eligible for equitable tolling if he demonstrates actual innocence, so that by refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice." *Patterson v. Lafler*, 455 Fed. Appx. 606, 609 (6th Cir. 2012). "A valid claim of actual innocence requires 'new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis supplied). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

The Court agrees with the Magistrate Judge that Petitioner has failed to put forward new

evidence that purports to show his actual innocence. The Magistrate Judge correctly points out that Petitioner's Affidavit (ECF DKT #16-1), which Petitioner claims supports his claim of actual innocence, simply reasserts evidence from Petitioner's trial testimony. In his Affidavit, Petitioner states that he was not driving his vehicle on August 24, 2012 and that Ms. Elizabeth Swiger never asked Petitoner to leave the party. During his testimony, however, Petitioner said the same things. (*See, e.g.* TR. 551). These statements then do not constitute "new reliable evidence...that was not presented at trial" to support Petitioner's actual innocence.

Furthermore, Petitioner does not provide any "new reliable evidence" by citing to the trial transcript and pointing out weaknesses in the witnesses' testimony. The jury heard from five eye witnesses. All eye witnesses identified Petitioner as the shooter. Petitioner cannot prove his actual innocence by pointing out weaknesses in each witnesses' testimony. The jury made a credibility determination and decided that the eyewitnesses were more believable than Petitioner.

Finally, while the Magistrate Judge does not discuss it, Petitioner attached Exhibit C to his Traverse. (ECF DKT #16-5). Exhibit C is a letter dated March 9, 2016 from Mr. Ingersoll, counsel for Petitioner in a separate matter. In Exhibit C, counsel claims that Ms. Sowards, one of the witnesses in Petitioner's case, was claiming that a separate third-party, Mr. Howell, was responsible for the shooting for which Petitioner was convicted. The letter ultimately concludes that while Mr. Howell would like to help Petitioner by signing an Affidavit, he could not at the time because Mr. Howell had to deal with his own separate legal problems.

Exhibit C does not rise to the level necessary to demonstrate factual innocence. First, it primarily calls into question the credibility of Ms. Sowards's testimony. Petitioner already

testified to Ms. Sowards's credibility, calling her a liar in his trial testimony.  (*See* TR. 567-68). Again, the jury had already made this credibility determination when it considered Ms. Sowards (and the four other eye witnesses) more credible than Petitioner.

Second, Exhibit C is ripe with hearsay.  It relays to Petitioner a conversation that his counsel had with Mr. Howell's counsel.  Mr. Howell than supposedly provided responses on behalf of his client.  And while the letter claims that Mr. Howell will provide an Affidavit in support of this letter, no Affidavit has been produced.

Most importantly, Exhibit C does not support Petitioner's claim that his coworker, Mr. Jones, was the actual shooter in the incident.  Rather, Exhibit C alleges Mr. Howell as a potential suspect.  However, Petitioner was very direct in his trial testimony when he claimed that Mr. Jones was the shooter.  (*See* TR. 555-56).

At best, Exhibit C goes to the credibility of one of the eyewitnesses in the trial.  At worst, Exhibit C undermines Petitioner's own credibility, by calling into question his identification of Mr. Jones as the responsible party.  Nonetheless, Exhibit C does not rise to the level necessary to demonstrate Petitioner's actual innocence.  For this reason, as well as the reasons explained above, Petitioner has not supported his claim of actual innocence.

## **CONCLUSION**

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, and dismisses Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody as time-barred.[2]

---

[2]The Magistrate Judge also determined that Petitioner's Petition was procedurally defaulted.  Again, Petitioner does not directly refute this determination.  While he does argue he was prejudiced because he did not receive the appellate court's March 20, 2014 decision, that

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases.

Finally, since Petitioner's Motion to Amend Report and Recommendation (ECF DKT #21) does not contain any new evidence or arguments that Petitioner has not already raised, the Court **DENIES** Petitioner's Motion to Amend Report and Recommendation.

**IT IS SO ORDERED.**

         **s/ Christopher A. Boyko**
         **CHRISTOPHER A. BOYKO**
         **United States District Judge**

**Dated: October 30, 2018**

---

argument was previously addressed and dismissed. Accordingly, the Court agrees and adopts the Magistrate Judge's determination that Petitioner's claims are procedurally defaulted as well.