UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| GEORGE R. YOUNG, | ) | CASE NO. 1:18CV411 |
|---|---|---|
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| CHAE HARRIS, Warden, | ) | **OPINION & ORDER** |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Petitioner's Motion for Reconsideration (Doc. 24). For the following reasons, Petitioner's Motion is **DENIED**. Consequently, Petitioner's subsequent Motion to Amend his Petition (Doc. 25) and Supplemental Brief to the Petition are **DENIED**.

**I. BACKGROUND**

The following is a brief overview of the factual and procedural history necessary for the current Order. A more detailed factual history is contained in the Court's Order issued October 30, 2018.

On March 15, 2013, an Ohio jury convicted Petitioner of six counts of Felonious Assault and one count of Improperly Discharging a Weapon into a Habitation. For these crimes, the trial

court sentenced Petitioner to 32 years in prison.

On February 9, 2018, Petitioner mailed his Petition for habeas relief. He asserted nine Grounds for Relief. The Court referred the matter to the Magistrate Judge and on July 31, 2018, the Magistrate Judge issued his Report and Recommendation, recommending the Court dismiss the Petition as time-barred and as procedurally defaulted. The Court adopted the Report and Recommendation and dismissed the Petition as time-barred on October 30, 2018.

On November 21, 2018, Petitioner filed the current Motion for Reconsideration. He later filed a Motion to Amend his Petition on November 26, 2018. Months later, he filed a Supplemental Brief to his Petition.[1]

## II. LAW & ANALYSIS

The Court denies Petitioner's Motion for Reconsideration. Motions for reconsideration, though frequently brought, are granted only in rare and unusual circumstances. *Plaskon Elec. Materials, Inc. v. Allied Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995). As such, motions for reconsideration are generally disfavored:

> Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, **especially where such motions merely restyle or re-hash the initial issues**.

*McConocha v. Blue Cross & Blue Shield Mutual of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (emphasis added; internal citations and quotations omitted).

---

[1] Petitioner filed a Notice of Appeal of this Court's Order on December 3, 2018. The Sixth Circuit held the appeal in abeyance until the Court ruled on Petitioner's pending Motions.

Motions for reconsideration "serve a limited purpose and should be granted for one of the three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F. Supp. 2d 1013, 1025 (N.D. Ohio 2004) (quoting *General Truck Drivers, Local No. 957 v. Dayton Newspaper, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. dissenting), *cert. denied*, 528 U.S. 1137 (2000)).

Here, Petitioner's Motion merely re-hashes the merits of his case. Petitioner has not directed the Court to any intervening case law. Nor has Petitioner provided new evidence that has become available. And finally, Petitioner does not even say this Court's decision was clear error. While it is obvious Petitioner disagrees with the outcome, he cannot recite at length the same arguments he has made time and time again throughout his prosecution of his case. *See Plaskon Electronic*, 904 F. Supp. at 669 ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and a recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden"). Petitioner's Motion for Reconsideration is thus without merit.

Since the Court denies Petitioner's Motion for Reconsideration, Petitioner's Motion to Amend the Petition and his Supplemental Brief must also be denied. The Court will not reconsider its previous Order dismissing the Petition. Accordingly, there is no Petition to amend or to brief. Petitioner's subsequent Motion and Brief fail.

### III. CONCLUSION

Motions for reconsideration are granted in limited circumstances. Petitioner has not

satisfied those circumstances.  Accordingly, the Court **DENIES** Petitioner's Motion for Reconsideration.  And since there is no Petition to reconsider, the Court **DENIES** Petitioner's Motion to Amend his Petition.

    **IT IS SO ORDERED.**

    <u>s/ Christopher A. Boyko</u>
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated: June 4, 2019**